IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARITA MESA LIVESTOCK GRAZING )
ASSOCIATION, et al., )          1:12-cv-00069-JB-KBM
)
        Plaintiffs, )           **MOTION TO STRIKE PORTIONS**
)                               **OF DEFENDANTS' REPLY, OR IN**
    vs. )                       **THE ALTERNATIVE, FOR LEAVE**
)                               **TO FILE SURREPLY IN**
THE UNITED STATES FOREST )      **OPPOSITION TO DEFENDANTS'**
SERVICE, et al., )              **MOTION FOR RECONSIDERATION**
)
        Defendants. )
_____ )

Plaintiffs Jarita Mesa Livestock Grazing Association, et al., by and through undersigned

counsel, and pursuant to Fed. R. Civ. P. 12(f), hereby move to strike portions of Defendants'

*Reply In Support of Their February 7, 2013 Motion for Reconsideration*, which include incorrect

statements, new factual references and evidence, and new legal arguments made and raised for

the first time by Defendants in their Reply.  In the alternative, pursuant to D.N.M.LR-Civ. 7.4(b),

Plaintiffs respectfully request leave to file the attached *Surreply in Opposition to Defendants'*

*Motion for Reconsideration* in order to respond to these incorrect statements, new evidence and

factual references, and new legal arguments.  *See* Surreply, attached hereto as Exhibit 1.  This

Motion is supported by the attached *Brief in Support of Motion to Strike Portions of Defendants'*

*Reply, or in the Alternative, for Leave to File Surreply in Opposition to Defendants' Motion for*

*Reconsideration*.

The undersigned counsel for Plaintiffs conferred on April 10, 2013, with counsel for

Defendants pursuant to D.N.M.LR-Civ. 7.1(a).  Counsel for Defendants stated that they oppose

this motion.

1

Respectfully submitted this 26th day of April, 2013,


 /s/ Iris Thornton
SIMEON HERSKOVITS
IRIS THORNTON
Advocates for Community and Environment
P.O. Box 1075
El Prado, New Mexico 87529
575-758-7202
simeon@communityandenvironment.net
iris@communityandenvironment.net

RICHARD ROSENSTOCK
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5342
richard.rosenstock@gmail.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARITA MESA LIVESTOCK GRAZING )
ASSOCIATION, et al.,                              )               1:12-cv-00069-JB-KBM
                                                               )
              Plaintiffs,                        )               **BRIEF IN SUPPORT OF MOTION TO**
                                                               )               **STRIKE PORTIONS OF**
       vs.                                         )               **DEFENDANTS' REPLY, OR IN THE**
                                                               )               **ALTERNATIVE, FOR LEAVE TO**
THE UNITED STATES FOREST            )               **FILE SURREPLY IN OPPOSITION**
SERVICE, et al.,                                )               **TO DEFENDANTS' MOTION FOR**
                                                               )               **RECONSIDERATION**
              Defendants.                      )
_____ )

       This Brief is filed in support of Plaintiffs' *Motion to Strike Portions of*

*Defendants' Reply, or in the Alternative, for Leave to File Surreply in Opposition to*

*Defendants' Motion for Reconsideration*.  Plaintiffs' Motion requests that the Court strike

portions of Defendants' *Reply in Support of Their February 7, 2013 Motion for*

*Reconsideration*, which include incorrect statements, new evidence and factual

references, and new legal arguments raised for the first time in Defendants' Reply.  In the

alternative, pursuant to D.N.M.LR-Civ. 7.4(b), the Motion respectfully requests leave to

file the attached *Surreply in Opposition to Defendants' Motion for Reconsideration* in

order to respond to these incorrect statements, new evidence and factual references, and

new legal arguments.  *See* Surreply, attached hereto as Exhibit 1.

**INTRODUCTION**

       On February 12, 2013, Defendants filed a Motion for Reconsideration asking the

Court to reconsider its January 24, 2013, *Memorandum Opinion and Order*, Doc. No. 49,

wherein the Court denied in part Defendants' Motion to Dismiss, and ruled that Plaintiffs

had stated a claim that Defendants' September 30, 2010, decision to impose an 18%

reduction in their grazing permits was, in whole or in part, done to retaliate against them for the exercise of their First Amendment right to free speech; that Plaintiffs could bring their claim for prospective equitable relief under the First Amendment because Congress had waived sovereign immunity for such claims, and that Plaintiffs were entitled to pursue discovery outside the parameters of the Administrative Procedure Act ("A.P.A."). In their Motion for Reconsideration, Defendants requested that the Court reconsider its *Memorandum Opinion and Order*, "to the extent that it allows 'robust discovery' or otherwise holds that Plaintiffs' First Amendment claim brought under the Constitution will be reviewed outside the confines of the procedures set forth in Administrative Procedure Act and *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994)." Doc. No. 53, at 1. Plaintiffs filed their *Memorandum in Response to Defendants' Motion for Reconsideration* on March 4, 2013. Doc. No. 59. Plaintiffs' Response advanced arguments in response to this limited request to reconsider the Court's grant of robust discovery. After receiving two extensions of time from Plaintiffs, Defendants contacted counsel for Plaintiffs at 7:18 pm the night their Reply brief was due requesting agreement to allow them to file a thirty six (36) page Reply to Plaintiff's Response to Defendants' Motion for Reconsideration – triple the length allowed by the local rules and 12 pages longer than Defendants' Motion for Reconsideration and Plaintiffs' Response. Counsel for Plaintiffs was inclined to consent despite the excessive length of the Reply until counsel for Defendants stated that Defendants wanted the extension primarily so they could present documentary evidence on their request for reconsideration of a Rule 12(b)(6) Motion to Dismiss.

On April 3, 2013, Defendants filed their *Reply in Support of Their February 7, 2013 Motion for Reconsideration* ("Reply").  Doc. No. 74.  The Reply was accompanied by a *Motion for Page Extension for Reply in Support of Their Motion to Reconsider*, Doc. No. 75, which presented a severely distorted recitation of the facts and the history of discussions between counsel for Plaintiffs and Defendants regarding Defendants' requested page limit extension.[1]  Additionally, the Reply makes a number of false statements mischaracterizing the Plaintiffs' positions and the history of interactions between Plaintiffs and Defendant Trujillo.  The Reply also inappropriately attaches extra record evidence.  Doc No. 74-1, Exhibit A.  The Reply also selectively and misleadingly attempts to rebut Plaintiffs' claims of retaliatory conduct, leaving out interactions and document references that are critical to the determination of bad faith and on which the Court relied in its Memorandum Opinion and Order.  Doc. No. 49.  In fact, Defendants often seek to present evidence devoid of any context whatsoever.

## ARGUMENT

**I.  Defendants' Introduction of a Fundamental New Legal Issue and Argument, and Introduction of New Evidence Beyond the Complaint in Their Reply Is Improper, Designed to Mislead the Court, and Therefore All Portions of Defendants' Reply That Relate To that Newly Raised Legal Issue and Argument and Newly Introduced Evidence Should Be Stricken**

Plaintiffs object to Defendants' effort to present evidence in support of their position, because the arguments asserted in the initial Motion for Reconsideration and in Plaintiffs' Response brief were legal in nature and did not call for presentation of evidence.  Accordingly, it is improper for Defendants to seek to use evidence in their

---

[1] On April 22, 2013, Plaintiffs filed a Response in Opposition to Defendants' *Motion for Page Extension for Reply in Support of Their Motion to Reconsider* (Doc. No. 78).  Originally, this *Motion to Strike Portions of Defendants' Reply, or in the Alternative, for Leave to File Surreply in Opposition to Defendants' Motion for Reconsideration* was included within that Response, but subsequent to the filing the Court Clerk contacted us and directed the Plaintiffs to refile this Motion as a separate filing.

Reply in support of a Motion for Reconsideration of a Rule 12(b)(6) motion where

Plaintiffs had no reason to do so and thus did not do so.  Further, the Administrative

Record filed with the Court by Defendants, on which Defendants seek to premise their

Reply brief, simply is not the record reviewed by Defendant Trujillo and the appeals

officer during the administrative proceeding.  *See* Doc. 69-4.

      Rather, Defendants, having refused to include most of the documents Plaintiffs

requested be included in the Administrative Record, have cherry picked documents from

Forest Service files that were not included or relied on in the administrative review below

but which they have inserted in the context of this litigation for the purpose of defending

against Plaintiffs' claims.  Defendants seek to use such documents in an attempt to

support their bogus contention that the Complaint is premised on "a false thread of

allegations."  In their effort to prevent any discovery, Defendants ignore many of the

alleged facts that would constitute evidence of retaliation such as the fact that Defendant

Trujillo informed Plaintiffs the 18% reduction was a done deal ten months before the

Environmental Assessment, which proposed grazing at current levels, was done, or the

fact that she tried to recruit outside parties to "buy them out."  Instead, Defendants point

to documents they have placed, ex post facto, into the record for this suit and then present

arguments that are either simply untrue or are so lacking in context as to be meaningless

when dealing with a First Amendment retaliation claim.  Defendants argue that the Court

should decide the issue of Plaintiffs' right to discovery under the APA claim based solely

on documents they have selected after the fact for the Administrative Record and

documents that are not even included in that Record.  In so doing, the Defendants are

improperly using their Reply to attempt to turn a Motion for Reconsideration of a ruling

on a Rule 12(b)(6) motion into a factual, evidentiary dispute about which only the Defendants can present evidence and raise new arguments on reply without the Plaintiffs having an opportunity to develop or present opposing evidence or respond to the Defendants' new arguments.

For example, in regards to the allegation that Defendants retaliated against Professor David Correia after he spoke critically about them at a public meeting, Defendants point to the fact that the incident at issue took place in 2005, and not 2006 as alleged in the complaint. The meeting occurred in August 2005, but what is most salient in the Complaint and relevant to Plaintiffs' First Amendment claim is the retaliatory conduct that followed that meeting. Affidavit of Dr. Correia, ¶¶2-10, attached hereto as Exhibit 2. That Plaintiffs thought the event occurred in 2006 rather than several months earlier is irrelevant to their allegations. Defendant Trujillo has not denied the allegations in the complaint regarding Dr. Correia but inappropriately attempts to create an inference that the allegation is not true by referring to an email Dr. Correia sent her after the meeting, after she told him that he should not have spoken in support of Plaintiffs, and that he would no longer have access to public records at the El Rito District Ranger's Office because of his "lack of objectivity" on the matters he had been critical off. *Id*. As Dr, Correia – the author of the email in question – explains, contrary to Defendants' counterintuitive claim that his email evidences a lack of retaliatory conduct on Defendant Trujillo's part and lack of intimidation on his own part, the email cited by Defendants was written for two reasons: (a) Dr. Correia was working on his dissertation and needed access to the Forest Service records and was attempting to ameliorate what had obviously become a changed relationship with Defendant Trujillo after she threatened to punish him

by denying him access to those public records; and (b) he and his family lived down the street from Defendant Trujillo in El Rito, a tiny village where he would see her regularly and was trying to assuage her ire and restore a cordial relationship with her in order to avoid further hostility or retaliation.  *Id*. at ¶11.  As Dr. Correia puts it "the retaliation I felt I was subjected to was neither dramatic or ill-tempered…but I was made to understand that she and the Forest Service had the "power" and I was to toe the line, so to speak, if I wanted any access or cooperation.  **The message that there would be consequences for my speech was made quite clear."**  *Id*. at ¶12 (emphasis added).

Thus, Defendants' assertion that "[p]lainly there was no retaliation or animus between Dr. Correia and Defendant Trujillo relating to her request that he use FOIA to access Forest Service records" (and consequently there could have been no bad faith) is demonstrably false.  The Court should not countenance Defendants' improper effort to use their Reply brief as a vehicle to pick and choose from documents they inserted into the Administrative Record after the fact, and despite the fact that many of these documents were not part of the record considered or relied on in the administrative review conducted by Defendants below, in order to try to defeat Plaintiffs' retaliation claim while depriving Plaintiffs of any opportunity to present countervailing evidence showing Defendants' actual bad faithIn fact, on April 3, 2013, at 2:43 pm counsel for Plaintiffs emailed counsel for Defendants that the argument in Plaintiffs' Response that Plaintiffs' allegations in the Complaint were sufficient to warrant discovery was included as an argument in the alternative regarding why the Court's ruling permitting discovery under Plaintiffs' standalone First Amendment claim is correct, and should not be mistaken as an assertion of Plaintiffs' separate claim that they are entitled both to

supplement the record produced by the government and to conduct discovery under their APA claims, as well.  That separate claim under Plaintiffs' APA claims will, as the parties and the Court have anticipated, be made in a different filing concerning the proposed record filed by the Defendants in this case.  Plaintiffs' counsel told Defendants' counsel that they could so inform the Court and there was no need to make new factual, evidentiary arguments in the Reply.  Defendants Ex. 1, Doc. No. 75-1 at 3.[2]

Another example to illustrate the point is Defendants' attempt to counter Plaintiffs' assertion that there is a well-established practice in the Carson and Santa Fe National Forests wherein the alternatives proposed in Environmental Assessments are adopted by the District Ranger.  After refusing Plaintiffs' written request to supplement the record with the dozen or so EAs and Decision Notices issued in the two Forests from September 2008 through September 30, 2010, that would show this practice, Defendants use their Reply brief to point to a single instance in 2002 where that did not occur and then claim that this isolated example from more than a decade ago proves there is no such practice.  The existence of one or a few instances where a normal practice was not followed does not disprove the existence of the normal practice.  Plaintiffs are entitled to discovery to prove this assertion, and this Reply brief is not the appropriate arena for this issue to be presented for resolution.

In fact, virtually every factual claim Defendants make is simply an attempt to induce the Court to adopt inferences favorable to the Defendants from their highly slanted version of facts newly asserted in their triple-length reply brief.  For example,

_____

[2] "To the extent you felt we were making our motion for discovery and/or to supplement the record on the APA First Amendment claim, we were not and you can so inform the court- and there will be no reason to submit affidavits and other factual matters and to turn your Motion for Reconsideration into a summary judgment motion." *See also* Doc. No. 59, at 21, n.12.

Defendants insinuate that Defendant Trujillo did not adopt the Proposed Action

recommended in the EA because Plaintiffs refused to adhere to the improved

management practices contained in the Environmental Assessment's adoption of

Alternative 2 as the Proposed Action.  What Defendants do not acknowledge, is that to

support this insinuation Defendants rely on a February 10, 2010, letter from Plaintiffs to

Defendant Trujillo, despite the fact that this letter was written nine months before the

management procedures recommended in the EA were even made known.[3]  Defendants

also fail to mention that Plaintiffs sent Defendant Trujillo a subsequent letter dated March

30, 2010, in which they did agree to a set of improved management practices.  AR at

010936.  The fact that this post hoc rationalization was not mentioned at all by Defendant

Trujillo in her Decision Notice of September 30, 2010, as a reason for rejecting

Alternative 2, see Doc. 69-6, Ex. 6 to Plaintiffs' Motion to Compel, exposes it for what it

truly is:  a newly dreamt up response to this lawsuit in a continuing bad faith attempt by

Defendants to mask the real, improper, retaliatory motive for Defendants' action is

rejecting the recommended alternative in the EA and instead adopting an alternative at

odds with the best available science and rejected by the EA's interdisciplinary team in

order to punish Plaintiffs for exercising their constitutionally protected right of free

---

[3] In the letter Plaintiffs object to being asked to make, "...a pledge outside the AOI and permit system" and state their opinion that this "is not in the best interest of either the stockmen or the U.S.F.S. in the short or long term."  Defendants' effort to construe this as a refusal on Plaintiffs' part to cooperate with the Proposed Action in the EA issued nine months later is not correct.  Plaintiffs were and are bound to follow the requirements of their permits and the Annual Operating Instructions which may include required management procedures.  Defendants were seeking what appears to be some type of side deal with Plaintiffs that would take form in a pledge from the stockmen to cooperate with the U.S.F.S.  Defendants' permit system is driven by standard procedures, embodied in the 10 year permit, the Annual Operating Instructions, and the individual compliance letters.  Plaintiffs were required to adhere to the management standards contained in Alternative 2 if Defendant had adopted it and a failure to do so could lead to a loss of permits.  Defendants' effort to extract an additional commitment to engage in undefined conduct was reasonably viewed by Plaintiffs, given their history with Defendant Trujillo, as an invitation for future harassment for allegedly failing to act in what she considered a "cooperative" manner.  In the last paragraph of their letter, Plaintiffs sought to continue dialogue with Defendant on this matter, expressly inviting her to meet on this and other matters.

speech.  Thus, Defendants' proffer of a continually changing story is further evidence of their improper retaliatory intent.  *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1382 (10th Cir. 1994).

In another example of Defendants using the Reply brief in order to put forward evidence not in the administrative record below or even in the record Defendants have compiled and proposed herein, Defendants attached to their Reply letters sent to permittees on the Lobato Allotment in May, 2009, that are similar to a letter sent to several Plaintiffs on May 21, 2009.  On the basis of these few decontextualized letters, Defendants claim that the letters sent to Plaintiffs could not have been retaliatory because similar letters were sent to others.

In fact, these letters serve to demonstrate Defendants' retaliatory conduct and their bad faith.  In their Reply Defendants omit the fact that Plaintiffs wrote Defendant Trujillo on June 1, 2009, stating that they had done everything they could reasonably have been expected to do; that to the extent there was a problem it stemmed from Defendants' failure to undertake the tasks they were responsible for in regards to the installation and/or repair of cattleguards and/or fencing; and because of this, Plaintiffs viewed the May 21, 2009, letters as acts of intimidation.  Doc. 67-6.  Moreover, while counsel for Plaintiffs have not had the opportunity to obtain discovery regarding the background behind the letters sent to the Lobato Allotment permittees attached to the Reply, counsel is aware that Felipe Martinez, one of the three recipients, was a Commissioner on Plaintiff Rio Arriba Board of County Commissioners at the time and was highly vocal in his support of Plaintiffs and of his concerns with how Defendants were mismanaging the allotments in the El Rito Ranger District and the Vallecitos

Sustained Yield Unit.  According to Commissioner Martinez, after he became vocal as a commissioner, Defendants singled him out for disparately harsh treatment in May 2009. Affidavit of Felipe Martinez, attached hereto as Exhibit 3.  Likewise, Donald Martinez, Jr., another recipient, has been a long time critic of Defendants' grazing policies and was subjected to retaliatory threats by Defendant Trujillo to reduce his permits during 2010 that were rescinded only after Mr. Martinez took the matter before a mediator (Plaintiffs did not have time to obtain testimony from Mr. Martinez or other evidence to verify this in more detail, but given the appropriate opportunity to conduct discovery and compile the necessary material to ensure that the Court has a truly complete record to review Plaintiffs will provide such testimony and/or other evidence).  Thus, like the treatment of Dr. Correia, the letters to and surrounding history of treatment of Felipe Martinez and Donald Martinez, Jr., offer proof of Defendants' retaliatory motive through evidence of a pattern and practice of such conduct.  *Ray v. Safeway Stores, Inc.,* 614 F.2d 729, 731 (10th Cir. 1980).

Plaintiffs' point is not to go through each factual allegation that Defendants now claim is without factual support, and rebut those claims.  Rather, Plaintiffs have examined a few representative instances in order to illustrate that these are hotly contested issues of fact, which Defendants have manipulatively introduced and misrepresented for the first time in their Reply.  Such issues should not be resolved on the basis of a reply brief on a motion for reconsideration of a court's ruling on a motion to dismiss where the movants have selectively introduced evidence shorn of all context and presented in a blatantly slanted and deceiving manner in order to make these cherry picked tidbits of evidence appear to support Defendants' contentions that they did not act out of a retaliatory

motive, when in fact the full record and context of these isolated pieces of evidence actually bears out Plaintiffs' allegations in the Complaint of a history and pattern of retaliatory, punitive conduct on the part of the Defendants.

Not surprisingly, and consistent with Defendants' long history of improper punitive retaliation against Plaintiffs for exercising their First Amendment rights in defense of their and their traditional rural Hispanic communities' economic and cultural survival, Defendants have tried to slip these decontextualized pieces of evidence into their Reply brief, misrepresent the evidence's import, and seek to have the Court rule without Plaintiffs having an opportunity to respond to that misrepresented evidence. Plaintiffs submit that the issues raised in pages 22-36 of the Reply brief should be stricken from Defendants' Reply and should not be dealt with until Plaintiffs have had the opportunity to file their Motion for Discovery on the APA claims.  Even if Plaintiffs are permitted to file a surreply in order to address these factual contentions, without the opportunity to conduct discovery fist Plaintiffs will be unable to adequately address Defendants' selective introduction of evidence and blatantly slanted portrayal of the facts.

In addition, notwithstanding the fact that they expressly stated in their motion for reconsideration and opening brief that they were limiting the motion to the sole issue of whether Plaintiffs should be permitted to conduct discovery on their First Amendment claim, in Section A of their Reply Defendants present an extensive new legal argument for the first time challenging the Court's more fundamental substantive finding that Plaintiffs may pursue a First Amendment claim separate from their APA claims.  It is a basic tenet of civil procedure that a litigant cannot properly raise a brand new legal claim and argument in a reply brief that was not raised or briefed – let alone that was expressly

13

disavowed – in the original motion and opening brief.  *See e.g.*, *Silverton Snowmobile Club v. U.S. Forest Service*, 433 F.3d 772, 783 (10th Cir. 2006).  Accordingly, Plaintiffs respectfully urge the Court to strike all portions of Defendants' Reply Brief that introduce, present legal argument in support of, or otherwise advance the brand new argument attacking the Court's ruling that Plaintiffs may pursue their non-APA First Amendment claim.  In the alternative, Plaintiffs respectfully request the Court to grant them leave to file a surreply with an ample page limit to oppose this new argument.  This discussion is intended by Defendants to persuade the Court to reconsider its January 24, 2013 Memorandum Opinion and Order, Doc. No. 49.

## II. Evidence Presented in Support of Defendants' *Reply in Support of Their Motion for Reconsideration* That Goes Beyond the Face of the Pleadings Should be Stricken

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  As the Court acknowledged in its *Memorandum Opinion and Order*, Doc. No. 49, it is well settled that when reviewing a motion for judgment on the pleadings, a court must assume the truthfulness of factual allegations in the complaint and all inferences reasonably drawn from those facts must be construed in favor of the responding party.  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Doc. No. 49, at 61 (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).  "The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor."  Doc. No. 49, at 61-62 (citing *Tellabs, Inc. v. Makor Issues & Rights,*

*Ltd.*, 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(quoting *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006))). Consequently, the standard of review applicable to Defendants' motion requires that Plaintiffs' factual pleadings be taken as true.

Additionally, as the Court acknowledges in its *Memorandum Opinion and Order*, Doc. 49, at 61, 102, a court must limit the scope of its review of a motion to dismiss to the face of the pleadings.  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Doc. No. 49, at 61 (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)); s*ee also Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted) (A court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted").

Courts have historically been resistant to prematurely thwarting a plaintiff's access to judicial review via the use of motions to dismiss:

> On occasion motions to dismiss supply a useful technique for the prompt disposition of suits, and the Federal Rules of Civil Procedure which permit judgment on the pleadings are useful indeed.  But it must be borne in mind that in many a suit such a motion cannot take the place of submission of evidence and of findings of fact and

conclusions of law.

*Gruen Watch Co. v. Artists Alliance*, 191 F.2d 700, 705 (9th Cir. 1951).  Accordingly,

such pre-emptive motions have long been "viewed with disfavor in the federal courts."

*Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957).  "Another

[reason] is the basic precept that the primary objective of the law is to obtain a

determination of the merits of any claim; and that a case should be tried on the proofs

rather than the pleadings."  *Id.* (citing *DeLoach v. Crowley's, Inc.,* 128 F.2d 378, 380 (5th

Cir. 1942)).  "Jurisdictional dismissals in cases premised on federal-question jurisdiction

are exceptional, and must satisfy the requirements specified in *Bell v. Hood,* 327 U.S. 678

(1946)."  *Sun Valley Gas., Inc. v. Ernst Enters.,* 711 F.2d 138, 140 (9th Cir. 1983).  In

*Bell,* the Supreme Court determined that jurisdictional dismissals are warranted only

"where the alleged claim under the constitution or federal statutes clearly appears to be

immaterial and made solely for the purpose of obtaining federal jurisdiction or where

such claim is wholly insubstantial and frivolous."  327 U.S. at 682-83.

Because the use of evidence at the motion to dismiss stage is premature and

improper, all evidence presented in support of Defendants' *Reply in Support of Their

Motion for Reconsideration* that goes beyond the face of the pleadings should be stricken,

including Exhibit A and all references to evidence included in Section D of Defendants'

Reply, as discussed above.  *See supra*, Introduction.

### III. Issues and Arguments Raised for the First Time in Defendants' Reply Should be Stricken

Not only is Defendants' attempt to attach and reference evidence outside of the

Complaint improper, the Tenth Circuit has ruled many times that it will not entertain

issues raised for the first time in a reply.  *Silverton Snowmobile Club v. U.S. Forest*

*Service*, 433 F.3d 772, 783 (10th Cir. 2006).  *See also Coleman v. BG Maintenance Mgmt. of Colorado,* 108 F.3d 1199, 1205 (10th Cir. 1997) (issues not raised in the opening brief are deemed abandoned or waived); *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1490 (10th Cir. 1995) (same); *State Farm Fire & Casualty Co. v. Mhoon,* 31 F.3d 979, 984 n.7 (10th Cir. 1994) (same).

Section A of Defendants' Reply is a new argument presented for the first time in Defendants' Reply.  As such, it should not be considered by the Court and should be stricken.  Defendants inappropriately raise this argument for the first time in their Reply. In their Motion for Reconsideration, Defendants challenged only the portion of the Memorandum Opinion and Order that relates to the scope of discovery and procedure for addressing a standalone First Amendment Claim.  Defendants did not challenge the Court's holding that Plaintiffs may pursue a standalone First Amendment Claim.  Now, in their Reply, for the first time Defendants launch a direct challenge on the Court's ruling that Plaintiffs' have properly alleged and may pursue a standalone First Amendment claim for equitable relief.  There is no basis for the inclusion of such an argument as Plaintiffs did not raise the issue in their Response, but merely rebutted Defendants' argument that even a standalone First Amendment Claim was not entitled to discovery and must proceed pursuant to APA procedures.  *See* Doc No. 53, at 1-2. (Federal Defendants' Motion for Reconsideration).  Accordingly, Plaintiffs' respectfully request that the Court strike all portions of Defendants' Reply that relate to this improperly raised issue.

## IV. In the Alternative, the Court Should Grant Plaintiffs Leave to File the Attached Surreply

Alternatively, if the Court does not strike the improper portions of Defendants'

Reply as requested above, then at least it should allow Plaintiffs an opportunity to respond to the new slanted material. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998) (noting that where new material is raised on reply before the trial court, the court may properly strike the new material or allow a reasonable opportunity to respond); *Doebele v. Sprint/United Management Co.,* 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (same).

The Local Rules provide for a motion, a response, and a reply. *See* D.N.M.LR-Civ. 7. The filing of a surreply requires leave of court. *See* D.N.M.LR-Civ. 7.4(b). It is within the discretion of a trial court to permit a nonmoving party to file a surreply in order to respond to new evidence or new legal arguments raised for the first time in the moving party's reply brief. *Green v. New Mexico*, 420 F.3d 1189, 1197 (10th Cir. 2005); *Beaird v. Seagate Tech., Inc*., 145 F.3d 1159, 1164 (10th Cir. 1998). Indeed, a court cannot rely on new materials submitted in a reply unless it permits the nonmoving party to respond to those materials. *See Pippin v. Burlington Resources Oil & Gas Co*., 440 F.3d 1186, 1192 (10th Cir. 2006). Where new arguments or facts have been raised in a reply brief, the nonmoving party's ability to address those points on appeal may be prejudiced if the party neither moves to strike the new material nor seeks leave to respond via a surreply. *See Giguere v. SJS Family Enterprises, Ltd*., 155 P.3d 462, 467 (Colo. App. 2006). "To demonstrate good cause for considering a sur-reply, one must show that the reply filed by the opposing party raised new arguments that were not included in the original motion." *U.S. Commodity Futures Trading Com'n v. McGraw-Hill Companies*, 507 F. Supp. 2d 45, 49 n.3 (D. D.C. 2007); *Fedrick v. Mercedes-Benz USA*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

As Plaintiffs have described above, in their Reply, Defendants have raised new legal arguments, have introduced new evidence, and have referred to alleged facts and legal authorities relating to those new legal arguments and new evidence that were not referenced in previous filings.  They have also made incorrect statements that Plaintiffs cannot allow to stand unrebutted in the record of this case.  If the Court does not strike these new arguments and facts as requested above, Plaintiffs should be given an opportunity to respond to them by filing the attached *Surreply in Opposition to Defendants' Motion for Reconsideration*.  *See, e.g., Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.C. Cir. 1998) (finding good cause to file surreply where moving party attached new declaration to reply); *Sheppard v. Dickstein, Shapiro, Morin & Oshinksy*, 59 F. Supp.2d 27, 32-33 (D. D.C. 1999) (permitting surreply to arguments made for the first time in reply).  The interests of justice support Plaintiffs' request and Defendants cannot claim any prejudice from Plaintiffs being allowed their due response.

///
///
///

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court strike certain portions of *Federal Defendants' Reply in Support of Their February 7, 2013 Motion for Reconsideration*, or in the alternative, grant Plaintiffs leave to file the attached *Surreply in Opposition to Defendants' Motion for Reconsideration*.

Respectfully submitted this 26th day of April, 2013,

 /s/ Iris Thornton
SIMEON HERSKOVITS
IRIS THORNTON
Advocates for Community and Environment
P.O. Box 1075
El Prado, New Mexico 87529
575-758-7202
simeon@communityandenvironment.net
iris@communityandenvironment.net

RICHARD ROSENSTOCK
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-988-5342
richard.rosenstock@gmail.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26th, 2013, Plaintiffs filed through the United States District Court CM/ECF System the foregoing **MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION** and **BRIEF IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION** to be served by CM/ECF electronic filing on the following attorneys of record:

Andrew A. Smith
U.S. Department of Justice
c/o U.S. Attorney's Office
P.O. Box 607
Albuquerque, NM 87103
Phone: 505-224-1468
Email: andrew.smith@usdoj.gov

Ruth Fuess Keegan
U.S. Attorney's Office
201 Third Street NW
Suite 900
Albuquerque, NM 87102
Phone: 505-346-7274
Email: ruth.f.keegan@usdoj.gov

/s/ Iris Thornton
Iris Thornton