# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JARITA MESA LIVESTOCK GRAZING ASSOCIATION, et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES FOREST SERVICE, et al.,<br><br>      Federal Defendants. | Civ. No. 1:12-cv-00069-JB-KBM<br><br>**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION TO AMEND THE COURT'S FEBRUARY 9, 2015 MEMORANDUM OPINION AND ORDER** |

Plaintiffs hereby respectfully submit this Response to the Federal Defendants' *Motion to Amend the Court's February 9, 2015 Memorandum Opinion and Order, ECF No. 143*, ECF No. 147, which granted in part and denied in part Plaintiffs' *Motion to Supplement and/or Complete the Administrative Record, and for Limited Discovery*, ECF No. 106 supplemented by ECF No. 112. In their *Motion to Amend* Federal Defendants assert that the Court mischaracterized their argument as to whether all materials considered by Federal Defendants or their employees in the review process that led to the 2010 Decision Notice giving rise to this case were required to be included in the administrative record for the Court's review. *Compare Federal Defendants' Motion to Amend*, ECF No. 147 at 1-2, *to Memorandum Opinion and Order*, ECF No. 143 at 1-2, 70.

On the basis of this assertion, Federal Defendants request that the Court amend its description of the Federal Defendants' argument at page 70 of the February 9, 2015,

Page **1** of 4

*Memorandum Opinion and Order*. Federal Defendants further argue that the change they request to the characterization of their argument should lead the Court to "vacate" the procedure described at page 59 of the *Memorandum Opinion and Order* that provides for the Plaintiffs to designate any materials they believe in good faith to have been considered in the review process that led to the 2010 Decision Notice but not included in the administrative record filed with the Court, and for the Federal Defendants to respond. ECF No. 147 at 5, 7.

Plaintiffs do not oppose Federal Defendants' request to correct an apparent misunderstanding and arguable mischaracterization of their argument regarding what is required to be included to make an administrative record complete. However, Plaintiffs do oppose Federal Defendants' request to vacate the procedure described by the Court for determining whether there is any additional material that was considered by the Federal Defendants or their employees in reaching the 2010 Decision Notice but not included in the administrative record. Plaintiffs oppose this second request of Federal Defendants because the Court's explanation of the law governing this issue is clearly correct and the procedure set forth in the *Memorandum Opinion and Order* comports with the applicable law and imposes no significant burden on the Federal Defendants.

Plaintiffs filed their *Motion to Supplement and/or Complete the Administrative Record* to compel the Federal Defendants to produce, inter alia, materials that appear to have been considered by the Federal Defendants or their employees in the course of the National Environmental Policy Act (NEPA) review process that led to the 2010 Decision Notice, but have not been included in the administrative record filed with the Court by the Federal Defendants. *See* ECF No. 106 at 2-7. As explained in Plaintiffs' *Motion to Supplement and/or Complete the*

*Administrative Record* and determined by the Court in its February 9, 2015, *Memorandum Opinion and Order*, while Defendants' designation of the record generally is afforded a presumption of regularity, Defendants may not unilaterally define the record for purposes of judicial review in order to exclude materials, and where a reasonable basis to believe that materials considered by agency decisionmakers are not in the record, the "clear evidence" standard in *Bar MK Ranches* is satisfied.  *See* ECF No. 106 at 5-6; ECF No. 143 at 59; *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) ("complete administrative record consists of all documents and materials directly or indirectly considered by the agency").

Plaintiffs respectfully suggest that the procedure outlined by the Court to determine whether any such material has been excluded from, and needs to be added to, the administrative record is at once simple to follow and straightforwardly tailored to answer that question.  As a practical matter, Plaintiffs already have relayed a very narrow inquiry concerning a single limited category of information or materials that Plaintiffs believe appear to have been considered by the Federal Defendants or their employees in the review process that led to the 2010 Decision Notice but not to have been included in the record compiled by the Federal Defendants.  This request by Plaintiffs asks for nothing more than a good faith inquiry by the Federal Defendants as to whether any of that category of information or materials that was not included in the administrative record filed with the Court is to be found in their files.  It thus appears plain that the procedure set forth in the Court's *Memorandum Opinion and Order* and followed by Plaintiffs is consistent with the controlling law.  Further, the limited inquiry made by Plaintiffs pursuant to the Court's direction cannot reasonably be considered prejudicial or burdensome to the Federal Defendants.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court: (1) grant Federal Defendants' request to amend the February 9, 2015, *Memorandum Opinion and Order* with regard to the characterization of Defendants' argument concerning what is required to be included in a complete administrative record; and (2) deny Federal Defendants' request to vacate the procedure articulated in the *Memorandum Opinion and Order* for determining whether any material considered by the Federal Defendants or their employees in the review process that led to the 2010 Decision Notice has been excluded from the administrative record filed with the Court.

Dated this 10th day of March, 2015.

                Respectfully submitted,

                /s/ Simeon Herskovits
                Simeon Herskovits
                Michelle T. Miano
                Advocates for Community and Environment
                P.O. Box 1075
                El Prado, NM 87529
                Phone: 575-758-7202
                Fax: 575-758-7203
                simeon@communityandenvironment.net
                michelle@communityandenvironment.net

                Richard Rosenstock
                1121 Paseo de Peralta
                Santa Fe, NM 87501
                505-988-5342
                richard.rosenstock@gmail.com

                *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2015, Plaintiffs filed through the United States District Court CM/ECF System the foregoing **RESPONSE TO FEDERAL DEFENDANTS' MOTION TO AMEND THE COURT'S FEBRUARY 9, 2015 MEMORANDUM OPINION AND ORDER, ECF NO. 143** to be served by CM/ECF electronic filing on the following attorneys of record:

Andrew A. Smith
U.S. Department of Justice
c/o U.S. Attorney's Office
P.O. Box 607
Albuquerque, NM 87103
505-224-1468
andrew.smith@usdoj.gov

Ruth Fuess Keegan
U.S. Attorney's Office
201 Third Street NW Suite 900
Albuquerque, NM 87102
505-346-7274
ruth.f.keegan@usdoj.gov

/s/ Simeon Herskovits
Simeon Herskovits